**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LINDA H.,

                Plaintiff,

    v.                                                                                              3:21-CV-121
                                                                                                         (DJS)

KILOLO, KIJAKAZI, *Acting Commissioner of Social Security*,

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| LAW OFFICE OF KENNETH HILLER, PLLC<br>Attorney for Plaintiff<br>6000 N. Bailey Ave., Suite 1A<br>Amherst, New York 14226 | KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>J.F.K. Federal Building - Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | DANIEL TARABELLI, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 15 & 18. Defendant also filed a supplemental Memorandum of Law. Dkt. No. 19. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1969. Dkt. No. 12, Admin. Tr. ("Tr."), p. 118. Plaintiff reported attending college for several years. Tr. at p. 319. She has past work experience in IT support and as a temporary services clerk. Tr. at p. 112. Plaintiff alleged disability based upon autism spectrum disorder, persistent depressive disorder, social anxiety disorder, obsessive compulsive disorder, allergies, carpal tunnel syndrome, astigmatism, and myopia. Tr. at p. 318. Plaintiff applied for disability and disability insurance benefits in September 2018. Tr. at p. 287. She alleged a disability onset date of June 1, 2016. Tr. at p. 118. Plaintiff's application was initially denied on November 19, 2018,

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

Tr. at pp. 126-130, and she then requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 132-133.  The hearing took place before ALJ David Romeo on March 3, 2020.  Plaintiff waived her right to attend based on her stated inability to be present as a result of her condition, but a vocational expert testified at the hearing.  Tr. at pp. 109-117.  On March 26, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 19-30.  On December 3, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2017 and that she had not engaged in substantial gainful activity after her alleged onset date.  Tr. at p. 21.  Second, the ALJ found that Plaintiff had the following severe impairments: autism spectrum disorder, obsessive-compulsive disorder, major depressive disorder, and social anxiety disorder.  Tr. at p. 22.  Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at pp. 22-23.  Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non exertional limitations: "the claimant can have occasional contact with supervisors, incidental contact with coworkers, and no contact with the

public. She cannot perform shared work tasks. The claimant can tolerate occasional changes in work setting." Tr. at p. 23. Fifth, the ALJ found that Plaintiff was unable to perform her past relevant work. Tr. at p. 29. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there were jobs in the national economy she could perform. Tr. at pp. 29-30. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 30.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Having concluded that Plaintiff suffered from several severe mental impairments, the ALJ proceeded to consider whether any of those impairments satisfied the corresponding listings. *See* Tr. at pp. 22-23. He concluded that Plaintiff did not satisfy those criteria. *Id.* Plaintiff contends that the ALJ's conclusion was not supported by substantial evidence because he did not properly evaluate medical opinions in the record. Dkt. No. 15, Pl.'s Mem. of Law at pp. 8-12. Plaintiff bases this argument, in part, on

6

the ALJ's failure to cite any medical opinion in his discussion at step three. *Id.* at p. 10. For her part, Defendant maintains that the ALJ properly considered the record at step three. Dkt. No. 18, Def.'s Mem. of Law at pp. 10-12. On the present record, remand is warranted.

Defendant focuses much of her argument on establishing that an ALJ's decision is not per se erroneous simply because it is not based specifically on a medical opinion. *See* Def.'s Mem. of Law at pp. 6-9. In the Court's view, however, it is a different question that controls the result here – whether the ALJ's decision can be supported by substantial evidence when it fails to properly consider (or consider at all) a medical opinion in the record. Put another way, the question here is not whether the ALJ must base his conclusions on a medical opinion, but whether he may fail to discuss the import of relevant medical opinions in reaching those conclusions. Here, the Court is unclear that the ALJ properly considered relevant medical opinions at step three and, as a result, remand is warranted.

"Step three requires a determination as to 'whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.'" *Rivas v. Barnhart*, 2005 WL 183139, at *19 (S.D.N.Y. Jan. 27, 2005) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)).

> Where, as here, mental impairments are at issue, the Commissioner directs administrative adjudicators to employ a psychiatric review technique (sometimes referred to as a special technique). This technical method helps administrative law judges first determine whether claimants have medically determinable mental impairments. This technique also enables

administrative law judges to determine whether medically determinable mental impairments are severe (a Step 2 issue) and whether they meet or are equivalent in severity to any presumptively disabling mental disorder (a Step 3 issue).

At the first step of this special technique, the ALJ must evaluate symptoms, signs, and laboratory findings to determine whether the claimant has one or more medically determinable mental impairments. If so, at step two of the special technique the ALJ must rate the degree of functional limitation that results from the medically determinable mental impairments. This involves consideration of four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.

These four functional areas are measured on a five-point scale that ranges between none, mild, moderate, marked, and extreme, with the last point on the scale representing a degree of limitation that is incompatible with the ability to do any gainful activity. If, however, the degree of limitation in each of these areas is none or mild, the impairment will be considered non-severe absent evidence that otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities.

*Amanda R. v. Comm'r of Soc. Sec.*, 556 F. Supp. 3d 145, 151–52 (N.D.N.Y. 2021) (internal quotations, citations, and alterations omitted).

In conducting this review, the ALJ found that Plaintiff had no limitations in the domains for remembering or applying information and concentration and pace. Tr. at pp. 22-23. The ALJ also found a moderate limitation in the domains for interaction with others and adapting and managing oneself. *Id.* As the ALJ noted, one extreme limitation or two marked limitations satisfies the standard for finding some to meet or equal a listing impairment. Tr. at p. 22; *Devra B. B. v. Comm'r of Soc. Sec.*, 2021 WL 4168529, at *7 (N.D.N.Y. Sept. 14, 2021).

Two medical opinions, those of Dr. Aponte and Dr. Dempsey, bear on the analysis that the ALJ undertook regarding the paragraph B criteria. The ALJ's decision discusses neither in his step three analysis. Tr. at pp. 22-23. Dr. Dempsey found Plaintiff to have "severe social deficits and [a] lack of age appropriate independent living skills." Tr. at pp. 446. Dr. Aponte noted an "extreme" limitation in the area of responding to supervision, criticism, and redirection. Tr. at p. 493. Based on the form used by Dr. Aponte, that level of limitation indicated an inability to "maintain normal or appropriate relationship with supervisors, co-workers, and/or others" fifteen percent or more of the time during a typical workday. *Id.* Dr. Aponte also found Plaintiff to have a "marked" limitation with respect to her ability to "adapt or manage oneself." Tr. at p. 494. These findings plainly implicated the domains for interaction with others and adapting or managing oneself. Those findings also provide some evidence that could satisfy the paragraph B criteria.[2] These opinions were not discussed in any detail before the ALJ's RFC analysis.

It is the ALJ's decision to assess the persuasiveness of a medical opinion. *Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6 (N.D.N.Y. Mar. 18, 2019) (it is the ALJ's role "to choose between properly submitted medical opinions."). The ALJ ultimately makes no specific persuasiveness finding regarding Dr. Dempsey's opinion. *See* Tr. at pp. 26-28. He found Dr. Aponte's opinion unpersuasive, Tr. at p. 28, a finding

---

[2] The Court expresses no view as to whether Plaintiff does in fact meet those criteria. It notes only that the medical opinions could, perhaps, support such a finding. And it does so only to note the significance of the ALJ's failure to address those opinions at step three.

9

Plaintiff does not directly challenge in this action. *See* Pl.'s Mem. of Law at p. 15. And it may well be that the ALJ's conclusions regarding these opinions were supported by substantial evidence. The problem, however, is the ALJ's step three analysis makes no mention of them, nor of any other medical evidence. Tr. at pp. 22-23. The ALJ's conclusion appears to have been based largely on Plaintiff's reports of her daily activities. Tr. at p. 22 (noting findings were based on Plaintiff's statements or allegations). There is simply no discussion of the medical opinions touching on the relevant domains.

"Here, as noted above, the ALJ does not discuss 'all relevant evidence' in his step three analysis, limiting himself instead to the non-medical evidence and delaying his discussion of plaintiff's treatment notes, as well as the opinion evidence, until later in the Decision." *Rivera v. Comm'r of the Soc. Sec. Admin.*, 2020 WL 8167136, at *18 (S.D.N.Y. Dec. 30, 2020), *report and recommendation adopted sub nom. Rivera v. Comm'r of Soc. Sec. Admin.*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021). In the Court's view, this requires remand.

While Defendant cites authority that an ALJ's later discussion of opinions may provide substantial evidence for an otherwise unexplained step three conclusion, Def.'s Mem. of Law at pp. 11-12 (citing cases)[3], the Court disagrees that the ALJ's decision does so here. At step three, the ALJ must decide the degree of limitation Plaintiff suffers

---

[3] The *Rivera* case on which this Court relies cites several additional authorities on this point. *See Rivera v. Comm'r of the Soc. Sec. Admin.*, 2020 WL 8167136, at *18.

in particular cognitive and behavioral domains. *See Sabrina L. o/b/o T.L. v. Berryhill*, 2018 WL 6521760, at *8 (W.D.N.Y. Dec. 12, 2018) (noting step 3 analysis). The key at that stage of the analysis is in categorizing the level of limitation. Later in the sequential analysis, the ALJ's attention is focused on the impact of any limitation on Plaintiff's functional capability. *Stonick v. Saul*, 2020 WL 6129339, at *12 (D. Conn. Oct. 19, 2020) ("At the next step, when calculating the Plaintiff's RFC, the ALJ considered how the Plaintiff's mental health conditions impacted his ability to work.").

The ALJ's later consideration of Dr. Dempsey's opinion is clearly focused on addressing Plaintiff's functional ability in the workplace and the extent to which nonexertional limitations can address her identified limitations. *See* Tr. at pp. 26-27. While that is the proper inquiry when considering an individual's residual functional capacity, it is distinct from the analysis expected at step three which should focus on whether the medical opinion supports a finding that an individual's limitations are so severe in one or more domains that she is disabled without regard to consideration of how her medical conditions affect her vocational functioning. *Jay v. Comm'r of Soc. Sec.*, 2018 WL 3688315, at *3 (W.D.N.Y. Aug. 3, 2018) ("a Step 3 finding requires a different analysis than an RFC determination").

Given that it is not clear whether the Dempsey and Aponte opinions were considered in assessing the extent of the limitations identified by the ALJ, not just the impact those limitations had on Plaintiff's functional capacity, remand for reconsideration of the step three finding is warranted. *Genua v. Comm'r of Soc. Sec.*,

2019 WL 5691827, at *5 (W.D.N.Y. Nov. 4, 2019). "It is particularly important for an ALJ to address conflicting probative evidence with respect to the step three analysis, because a claimant whose condition meets or equals that of a Listing is deemed disabled per se." *Holly K. v. Comm'r of Soc. Sec.*, 2022 WL 706707, at *5 (W.D.N.Y. Mar. 9, 2022).

"Because the Step Three analysis is sequential, and a reconsideration of Step Three may obviate or otherwise affect the final two steps, the Court will not consider Plaintiff's other arguments." *Butler v. Astrue*, 2010 WL 3908627, at *4 (D.N.J. Sept. 28, 2010); *see also Valladares v. Kijakazi*, 2022 WL 1262012, at *1 (9th Cir. Apr. 28, 2022) (similar).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED** for further proceedings pursuant to sentence four; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: August 25, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge